IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL COREY MARTINEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-24-1065-SLP |
| EL RENO, OKLAHOMA BOP, et al., | ) ) ) |
| Defendant. | ) ) |

**O R D E R**

Before the Court is the Report and Recommendation ("R&R") [Doc. No. 26] issued by United States Magistrate Judge Chris M. Stephens pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a federal prisoner appearing pro se and in forma pauperis, brings this lawsuit against the Federal Bureau of Prisons ("BOP") and Mercy Hospital in Oklahoma City, Oklahoma. The Magistrate Judge liberally construed Plaintiff's Complaint to allege a constitutional claim for deliberate indifference to Plaintiff's medical needs stemming from a surgery that resulted in a punctured lung. *See* R&R [Doc. No. 26] at 3; Compl. [Doc. No. 3] at 3, 5.

The R&R recommends dismissal without prejudice on the grounds that Plaintiff failed to: (1) establish subject-matter jurisdiction and (2) exhaust administrative remedies. [Doc. No. 26] at 3. The Magistrate Judge advised Plaintiff of his right to object to the R&R and directed any objections be filed on or before July 9, 2025. *Id.* at 10. Plaintiff was further advised that any failure to object would waive Plaintiff's right to appellate review of the factual and legal issues addressed in the R&R. *Id.*

After the R&R was entered, Plaintiff filed a "Motion to Proceed and Be Heard" [Doc. No. 27], which the Court liberally construed as a Motion for an Extension of Time to Object to Report and Recommendation and granted an extension to file an objection until July 29, 2025. *See* Order [Doc. No. 28] at 2. The Order reminded Plaintiff that failure to timely object would waive appellate review of the issues addressed in the R&R. *Id.* The Order also stated: "The Court further notes Plaintiff's reference to obtaining medical records; however, the basis for dismissal in the Report and Recommendation is based only on jurisdictional grounds." *Id.* at 1. Within the time to file his objection, Plaintiff filed an untitled two-page document with medical records, but it neither mentions the R&R nor indicates it is intended to be an objection. [Doc. No. 29]. It also contains no discussion or reference to subject matter jurisdiction or exhaustion of remedies. *Id.*

Even liberally construed, this filing is not a proper objection as it fails to address specific challenges to the R&R. *See Mathews v. Elhabte*, No. 22-6031, 2022 WL 3592550, at *2 (10th Cir. Aug. 23, 2022) (objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute"); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (Any "objection[] to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court."); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Because Plaintiff does not challenge any aspect of the R&R, the Court finds he has waived any objection to the R&R [Doc. No. 26], and this action is subject to dismissal. Upon review, the Court fully concurs with the analysis set forth in the R&R.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 26] is ADOPTED in its entirety and this matter is DISMISSED without prejudice. A separate judgment of dismissal shall be entered contemporaneously herewith.

IT IS SO ORDERED this 31st day of July, 2025.

SCOTT L. PALK
**UNITED STATES DISTRICT JUDGE**